IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DELORIS N. BROWN, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 16-093-KD-M
:
UTILITIES BOARD, CITY OF :
DAPHNE, ALABAMA, :
:
    Defendant.

## REPORT AND RECOMMENDATION

Currently before this Court are two motions: Defendant, Utilities Board, City of Daphne's (hereinafter "Daphne Utilities" or "Defendant") Motion to Dismiss and/or in the Alternative, Motion to Strike Jury Demand and Memorandum in Support thereof (docs. 7 and 8) and Plaintiff, Deloris Brown's, Motion for the Court to Extend Time For Service of Process Out-Of-Time (hereinafter "Motion to Extend"). (Doc. 13). These motions, under Federal Rules of Civil Procedure 12(b)(5) and (6), were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and are now before the Court. Plaintiff has filed a response to Defendant's motion (doc. 12) to which Defendant has replied[1] (doc. 15).

---

[1] Defendant's Motion to Dismiss and Reply in support thereof additionally include its argument in opposition to Plaintiff's Motion to Extend.

After careful consideration of the record, Plaintiff's Motion for the Court to Extend Time For Service of Process Out-Of-Time (Doc. 13) is **GRANTED**. Plaintiff's time to serve Plaintiff is extended until June 27, 2016, which service has been completed. As a result, Defendant's Motion to Dismiss for failure to timely serve is **MOOT**. With regard to Defendant's Motion, in the Alternative, to Strike the Jury Demand, it is recommended that the motion be granted and that the jury demand articulated by Plaintiff be stricken from the pleadings with her claims to proceed to a non-jury trial.

## DISCUSSION

I. Motion To Extend Time

Plaintiff filed her Complaint against Defendant on February 29, 2016, pursuant to the Title VII of the Civil Rights Act of 1964, and 42 U.S.C. Section 1981. (Doc. 1). The Clerk of Court for this Court prepared the summons to be issued to Defendant on March 1, 2016. (Doc. 3). On June 17, 2016, Plaintiff was ordered to show cause by June 27, 2016, as to why she had failed to file notice with the court of the results of service of process efforts within forty-five (45) days of filing of the complaint as required by Civil Local Rule 4.3. (Doc. 4). On June 27, 2016, Plaintiff filed a response apologizing for the delay and

indicating that Plaintiff had overlooked the deadline to file the notice as a result of a particularly hectic litigation schedule. (Doc. 5).  Plaintiff additionally indicated in her response that she had, in fact, served Defendant on that same date.  (*Id.*)

>Fed. R. Civ. P. Rule 4(m) provides as follows:
>
>"If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.* But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period..."

(emphasis added).  The Eleventh Circuit has held "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *See Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005). In such an absence, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey v. Carroll County Com'rs*, 76 F.3d 1277, 1282 (11th Cir. 2007).  There is no dispute that Plaintiff served Defendant on June 27, 2016, more than 90 days after

3

the filing of her Complaint. (Doc. 6). However, it is also undisputed that Plaintiff provided an explanation as to her delay in service and served Defendant prior to the Motion to Dismiss being filed. Further, any dismissal would be without prejudice and Defendant has not asserted that any prejudice would result should the Court not dismiss this action. Based on the facts of this action and because this Court may exercise discretion in extending the time for service, this Court accepts Plaintiff's explanation provided in her Motion to Extend.[2] As a result, Plaintiff's Motion for the Court to Extend Time for Service of Process Out-of-Time (Doc. 13) is **GRANTED**. Plaintiff's time to serve Plaintiff is extended until June 27, 2016, which service has been completed. Defendant's Motion to Dismiss based on Plaintiff's failure to timely serve Defendant, is **MOOT.**

II.  Motion to Strike Jury Demand

Defendant requested, in the alternative, that Plaintiff's request for a jury demand be stricken because Plaintiff executed a "Waiver of Right to Trial by Jury" on November 18, 2013. The waiver at issue was part of an acknowledgment of receipt of a revised employee handbook.

---

[2] The discrepancy pointed out by Defendant as to the incorrect calculation of days in Plaintiff's motion is noted; however, based on the reasoning herein, the same does not warrant denial of Plaintiff's motion.

4

The page signed by Plaintiff contained the Daphne Utilities logo and was entitled "Acknowledgement and Waiver of Right to Trial By Jury" and contained the following language:

> I UNDERSTAND THAT UNDER FEDERAL AND STATE LAW I MAY HAVE A RIGHT TO TRIAL BY JURY IN THE EVENT OF A DISPUTE BETWEEN MYSELF AND DAPHNE UTILITIES. HOWEVER, I ACKNOWLEDGE AND AGREE THAT IN THE EVENT I SEEK THE INVOLVEMENT OF A COURT OF LAW, I EXPRESSLY WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY. INSTEAD, I AGREE THAT IF I PURSUE LEGAL ACTION IN A COURT OF COMPETENT JURISDICTION, ANY AND ALL MATTERS RELATED TO MY EMPLOYMENT WILL BE RESOLVED BY A JUDGE.

(Doc. 7 at 4). Both the heading and the waiver language was bolded.

"The right of trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate." Rule 38(a), Fed.R.Civ.P. However, the Eleventh Circuit has held that "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary. *Bakrac, Inc., et al. v. Villager Franchise Sys., Inc.*, 164 Fed.Appx. 820, 823 (11th Cir.2006) (*citing to Brookhart v. Janis*, 384 U.S. 1, 4-5, 86 S.Ct. 1245, 1246-47, 16 L.Ed.2d 314 (1966); *Leasing Service Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986). "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the

5

contract were negotiable." *Bakrac*, *164 Fed.Appx. 820, 823* (citations omitted). "In this consideration, it is not whether any particular number of factors have been satisfied, but whether, 'in light of all of the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.'" *Allyn v. Western United Life Ass. Co.*, 347 F.Supp. 2d 1246, 1252 (M.D. Fla. 2004).

In the present action, the parties agree as to the proper standard for determining whether a party has waived a jury demand. (Doc. 8 at 3-4; Doc. 12 at 1). The only dispute is whether Plaintiff was given adequate consideration for her waiver and whether she waived her right "knowingly and willingly". (Doc. 12 at 1-2). More specifically, Plaintiff contends that, because she was an existing employee when she was asked to sign the waiver, she was not given any consideration and that because she was under investigation when the waiver was presented, she did not sign the waiver "voluntarily".[3] (Doc. 12 at 1-3).

---

[3] Plaintiff does not seem to dispute that she signed the waiver "knowingly". Nevertheless, the record reflects that Plaintiff is a college graduate who was employed with Defendant for almost eighteen years at the time she signed the waiver. It is also apparent that the jury waiver paragraph is written clearly, in all capital letters and bolded, such that the average person could understand its implications. No special education or expertise would have been needed to understand this provision. As a result, there is no indication that Plaintiff's waiver was not done "knowingly."

6

As to whether Plaintiff was given adequate consideration for her waiver, Plaintiff argues that, unlike those cases cited by Defendant wherein new employment was the consideration for the waiver, Plaintiff was not a new hire (she was an employee of eighteen years) and, thus, was not given any consideration for her signature. (Doc. 12 at 1). This argument, however, is unavailing. In the present action, Plaintiff was given continued employment in exchange for her waiver and this Court finds no substantive distinction between an "offer" of employment as in the case of a new hire or "continued" employment, in Plaintiff's case.

Plaintiff additionally contends her waiver was not done voluntarily because it was presented to her following her being disciplined, during an investigation of her handling of an employee grievance, following her alleging retaliation, and on the brink of termination, which Plaintiff contends was anticipated when the waiver was presented to her for her signature. (Doc. 12 at 2-3). Plaintiff does not offer any case law to support her position, but states that the facts "suggest very strongly that there was nothing voluntary about [Plaintiff's] signature on the waiver form or certainly no negotiated terms or equal bargaining power." (*Id.*)

As to whether Plaintiff was given adequate consideration for her waiver, Plaintiff argues that, unlike those cases cited by Defendant wherein new employment was the consideration for the waiver, Plaintiff was not a new hire (she was an employee of eighteen years) and, thus, was not given any consideration for her signature. (Doc. 12 at 1). This argument, however, is unavailing. In the present action, Plaintiff was given continued employment in exchange for her waiver and this Court finds no substantive distinction between an "offer" of employment as in the case of a new hire or "continued" employment, in Plaintiff's case.

Plaintiff additionally contends her waiver was not done voluntarily because it was presented to her following her being disciplined, during an investigation of her handling of an employee grievance, following her alleging retaliation, and on the brink of termination, which Plaintiff contends was anticipated when the waiver was presented to her for her signature. (Doc. 12 at 2-3). Plaintiff does not offer any case law to support her position, but states that the facts "suggest very strongly that there was nothing voluntary about [Plaintiff's] signature on the waiver form or certainly no negotiated terms or equal bargaining power." (*Id.*)

"[A] term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services." *Collins v. Countrywide Home Loans*, 680 F.Supp.2d 1287, 1295 (M.D. Fla. 2010). (*citing to Milsap v. Cornerstone Residential Management, Inc.*, 2007 WL 965590 (S.D.Fla. March 28, 2007) (a single mother with two small children in need of housing could have walked away from an apartment lease containing a jury trial waiver if she found the lease terms unacceptable). Additionally, "[t]he mere fact that an employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable." *Winiarski v. Brown & Brown, Inc.*, 2008 WL 1930484 (M.D. Fla. May 1, 2008). Assuming termination would have resulted if Plaintiff did not sign the waiver in the present action, Plaintiff still had the option to walk away from her employ if she found the terms of the waiver unacceptable. Further, there are no facts to suggest a lack of bargaining power or inability to negotiate terms in the instant case because Plaintiff has not asserted that she was not given a chance to negotiate the terms of the waiver or that she attempted to negotiate the terms and was

unsuccessful.  Rather, the facts suggest that Plaintiff did not seek to negotiate the terms, which is insufficient to invalidate the waiver.  *See Stevens v. Wyndham Vacation Ownership, Inc.*, 2015 WL 1932285 (M.D. Florida April 28, 2015) (*citing to See Parris v. Wyndham Vacation Resorts*, Inc., 2013 WL 1296231 (D.Haw. Mar. 28, 2013) (declining to find that a waiver provision was not negotiable when the record evidence indicated only that the plaintiff had failed to negotiate).

Lastly, Plaintiff's argument that she did not voluntarily waive her right to a jury trial based on the circumstances occurring at the time the waiver was presented are undermined by the evidence that Plaintiff had previously signed an almost identical waiver in 2010 (Doc. 15-1), prior to the occurrence of all the events she now relies on to invalidate her waiver.  Considering the above, this Court does not believe Plaintiff's waiver should be invalidated and recommends Defendant's Alternative Motion to Strike be granted.

CONCLUSION

For the reasons herein above, Plaintiff's Motion for the Court to Extend Time For Service of Process Out-Of-Time (Doc. 13) is **GRANTED.**  Plaintiff's time to serve Plaintiff is extended until June 27, 2016, which service has been

9

completed.  As a result, Defendant's Motion to Dismiss for failure to timely serve is **MOOT**.  With regard to Defendant's Motion, in the Alternative, to Strike the Jury Demand, it is recommended that the motion be granted and that the jury demand articulated by Plaintiff be stricken from the pleadings with her claims to proceed to a non-jury trial.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the

court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 22nd day of August, 2016.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE