**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DELORIS N. BROWN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 16-00093-KD-C** |
| | ) | |
| **UTILITIES BOARD, CITY OF DAPHNE, AL** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the November 8, 2017 Report and Recommendation of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. LR 72(a)(2)(S) and Plaintiff's Objection. (Docs. 68, 71).

Brown objects to the findings of the Magistrate Judge primarily on three bases. The court will address each in turn.

First Brown objects to the finding that she failed to make a prima facie case of retaliation because she failed to show that her belief that the employer was engaged in unlawful employment practices was objectively reasonable. In her objection she argues that the Magistrate Judge failed to consider that the retaliation was also premised on her refusal to alter her investigative findings and that there is "clear" evidence that McElroy tried to intimidate her into changing her findings. In other words, Brown points out that there were two bases for the alleged retaliation; her investigative findings <u>and</u> her refusal to alter her conclusions. This may all be true, but Brown misses the point.

Brown's alleged statutorily protected conduct is that she reported an unlawful employment practice (racial discrimination) and that she refused to alter her report of the unlawful practice. In order to establish a prima facie case of retaliation for either the report or

the refusal to alter the report, Brown must show an objectively reasonable belief that the Daphne Utilities Board (the Board) engaged in racial discrimination. Otherwise, neither the act of reporting or the refusal to change the report can be statutorily protected conduct. In order show an objectively reasonable belief that the Board engaged in racial discrimination, Brown must provide the facts she relied upon to form that belief. Otherwise, as stated by the Magistrate Judge, the court has no way to evaluate whether Brown's conclusion is objectively reasonable. Brown has merely provided her conclusion that Butler's racial discrimination claim was valid.

Second, Brown objects that the Magistrate Judge omitted consideration of Judge McDermott's finding that the grievance process was not followed and that McElroy intervened and tried to dictate the process. And relatedly, Brown objects to the Magistrate Judge determining that the employee handbook allows the Board to vary from their written policy during a grievance process. Presumably, as it is not clear from the response, Brown's argument is in response to the finding that Brown failed to present sufficient evidence to rebut as pretext the Board's reasons for her termination.

To reiterate, the Board stated that Brown was terminated in part because she was "deficient in her performance of her job duties and unable to learn from past mistakes and corrective counseling." Brown's objection attempts to show that the Board didn't follow the correct process and harassed Brown when she was trying to do her job. Again, this may all be true, but it does not support Brown's contention that the Board's stated reason for her termination is a pretext for retaliation. Rather, it is an attempt to show that the Board acted outside the parameters of the grievance process. The argument does nothing to rebut the fact that the Board's opinion was a legitimate reason supported by Brown's evaluations in 2011 and 2012 and the Board's determination that Brown's performance in 2013 regarding the Butler

investigation was unacceptable. The Board may have been wrong in their opinions, but that does not show that the opinions are merely pretext for retaliation.

Third, Brown objects to the finding that the Board "determined outsourcing would result in a considerable savings to Defendant Utilities Board." Brown states "there is no evidentiary support for this finding" and argues that outsourcing was not a sound business decision. It appears that Brown misconstrues the "finding" and her burden. The Magistrate Judge did not find that the decision to outsource was a sound business decision. Rather, the issue is whether the cost-ineffectiveness of the human resource director position was a legitimate non-retaliatory reason to terminate the position. A legitimate reason does not have to be a correct decision or a sound business decision. "The question courts must resolve is not the whether the employer's conclusion that the employee is unsatisfactory is a correct one, but 'whether it is an honest one.'" Hazel v. La Petite Acad., Inc., 2007 WL 934611, *6 (M.D. Ga. Mar. 26, 2007), aff'd, 2007 WL 4142786 (11th Cir. Nov. 23, 2007).

Accordingly, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. LR 72(a)(2)(S) is **ADOPTED** with one (1) revision: Doc. 68 at 14, Section B. Merits of Plaintiff's Relation Claims, second full paragraph, is revised so that the phrase "racial discrimination" is **STRICKEN** and **REPLACED** with "retaliation."

**DONE** and **ORDERED** this the **30th** day of **November 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**